**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| NEARBY SYSTEMS LLC,<br>Plaintiff,<br>v.<br>MORGAN STANLEY & CO. LLC,<br>Defendant. | Civil Action No 2:26-cv-01033<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Nearby Systems LLC ("Nearby Systems" or "Plaintiff") files this complaint against Morgan Stanley & Co. LLC ("Morgan Stanley" or "Defendant") alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendant's infringement of the following United States Patents (the "Asserted Patents") issued by the United States Patent and Trademark Office ("USPTO"), copies of which are attached hereto as **Exhibit A**, **Exhibit B**, **Exhibit C**, and **Exhibit D**:

| | U.S. Patent No. | Title |
|---|---|---|
| A. | 9,532,164 | Mashing Mapping Content Displayed On Mobile Devices |
| B. | 10,469,980 | Mashing Mapping Content Displayed On Mobile Devices |
| C. | 11,937,145 | Mashing Mapping Content Displayed On Mobile Devices |
| D. | 12,185,177 | Mashing Mapping Content Displayed On Mobile Devices |

2. Nearby Systems seeks injunctive relief and monetary damages.

## PARTIES

3. Plaintiff is a limited liability company formed under the laws of Texas with its registered office address located in Austin, Texas.

4. Defendant is a limited liability company organized and existing under the laws of Delaware.

5. Defendant has its principal place of business at 1585 Broadway, New York, New York 10036.

6. Defendant can be served through its registered agent, C T Corporation System, located at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

7. Defendant maintains many locations at which it operates its businesses in Texas[1] and in this District that are the subject of this patent infringement case, including, but not limited to: 7500 Dallas Parkway, Suite 500, Plano, Texas 75024; and 911 W Loop 281, Suite 310, Longview, Texas 75604.

## JURISDICTION AND VENUE

8. Nearby Systems repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

9. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–285, among others. This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

10. Defendant is subject to this Court's specific and general personal jurisdiction under due process due at least to Defendant's substantial business in this judicial district, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business,

[1] Texas locations available at https://advisor.morganstanley.com/us/tx.

engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

11. Specifically, Defendant intends to do and does business in, has committed acts of infringement in, and continues to commit acts of infringement in this District directly, and offers its services, including those accused of infringement here, to customers and potential customers located in Texas, including in this District.

12. Defendant maintains a regular and established place of business in this District, including but not limited to: 7500 Dallas Parkway, Suite 500, Plano, Texas 75024; and 911 W Loop 281, Suite 310, Longview, Texas 75604.

13. Defendant commits acts of infringement in this District, including, but not limited to, use of the Accused Products identified below.

14. Therefore, venue is proper against Defendant in this District pursuant to 28 U.S.C. § 1400(b) because it has established and maintained a regular place of business in this District and has committed acts of patent infringement in this District.

## THE ACCUSED PRODUCTS

15. Nearby Systems repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

16. Based upon public information, Defendant owns, operates, advertises, and/or controls the website https://www.morganstanley.com/ through which it advertises, sells, offers to sell, provides and/or educates customers about its products and services that provide infringing systems including without limitation the "Morgan Stanley Wealth Mgmt App."

17. The "Morgan Stanley Wealth Mgmt App" is made available by Defendant for download through smartphone app providers. *See* **Exhibit E**, and **Exhibit F**.

18. Defendant uses, causes to be used, sells, offers for sale, provides, supplies, or distributes one or more mobile device applications, including in particular the Morgan Stanley Wealth Mgmt App, that are designed to allow Defendant's customers to locate stores and/or manage their accounts after locating and ordering from the closest Morgan Stanley branches and ATM locations (the "Accused Products"). *See* **Exhibit G** (Webpage: Morgan Stanley Mobile App), **Exhibit H** (Exemplary Evidence of Use Regarding Infringement of U.S. Patent No. 9,532,164), **Exhibit I** (Exemplary Evidence of Use Regarding Infringement of U.S. Patent No. 10,469,980), **Exhibit J** (Exemplary Evidence of Use Regarding Infringement of U.S. Patent No. 11,937,145), and **Exhibit K** (Exemplary Evidence of Use Regarding Infringement of U.S. Patent No. 12,185,177).

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 9,532,164**

19. Nearby Systems repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

20. The USPTO duly issued U.S. Patent No. 9,532,164 (the "'164 patent") on December 27, 2016 after full and fair examination of Application No. 13/987,520 which was filed August 3, 2013 and was a continuation-in-part of application No. 11/974,258. A true and correct copy of the '164 patent is attached as Exhibit A.

21. The claims of the '164 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon the function and operation of mapping systems by, for example, combining mappable data from disparate sources onto a digital map in a mapping application and may include a second set of mappable content, found outside the mapping

application, that may be transmitted to the mapping application for mapping in conjunction with any of the existing (*i.e.* previously-displayed) mapping content.

22. The written description of the ’164 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

23. Nearby Systems owns all substantial rights, interest, and title in and to the ’164 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

24. Nearby Systems or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the ’164 patent.

25. Defendant has directly infringed and continues to directly infringe one or more claims of the ’164 patent by using, selling, offering to sell, providing, supplying, or distributing the Accused Products.

26. Defendant has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least claim 1 of the ’164 patent, as detailed in Exhibit H (Exemplary Evidence of Use Regarding Infringement of U.S. Patent No. 9,532,164).

27. For example, as exemplified in Exhibit H, the Accused Products (including the Morgan Stanley Wealth Mgmt App) provide a system and method for displaying map information on a mobile device (such as a smartphone or internet-enabled tablet) to obtain the data to display

text and maps that present information to allow a mobile device user to identify and navigate to locations offering Defendant's products.

28. Since at least the time of receiving the original complaint in this action, Defendant has also indirectly infringed and continues to indirectly infringe the '164 patent by inducing others to directly infringe its claims. Defendant has induced and continues to induce customers and end-users, including, but not limited to, Defendant's customers, employees, partners, or contractors, to directly infringe, either literally or under the doctrine of equivalents, the '164 patent by providing use of the Accused Products. Defendant took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '164 patent, including, for example, claim 1. Such steps by Defendant included, among other things, advising or directing customers, personnel, contractors, or end-users to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; or distributing instructions that guide users to use the Accused Products in an infringing manner. Defendant is performing these steps, which constitute induced infringement with the knowledge of the '164 patent and with the knowledge that the induced acts constitute infringement. Defendant is aware that the normal and customary use of the Accused Products by others would infringe the '164 patent. Defendant's inducement is ongoing. *See* Exhibit E, Exhibit F, and Exhibit G.

29. Defendant has also indirectly infringed and continues to indirectly infringe by contributing to the infringement of the '164 patent. Defendant has contributed and continues to contribute to the direct infringement of the '164 patent by its customers, personnel, and contractors. The Accused Products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '164

patent, including, for example, claim 1. The special features constitute a material part of the invention of one or more of the claims of the ’164 patent and are not staple articles of commerce suitable for substantial non-infringing use. Defendant’s contributory infringement is ongoing. *See* Exhibit E, Exhibit F, and Exhibit G.

30. Defendant has knowledge of the ’164 patent at least as of the date when each was notified of the filing of this action.

31. Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others, and thus has been willfully blind of Nearby Systems’ patent rights.

32. Defendant’s actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

33. Defendant’s infringement of the ’164 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of Nearby Systems’ rights under the patent.

34. Nearby Systems has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to Nearby Systems in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

35. Nearby Systems has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law. Nearby Systems has and will continue to suffer this harm by virtue of Defendant’s infringement of the ’164 patent. Defendant’s actions have interfered with and will interfere with Nearby Systems’ ability to license technology. The balance of hardships favors Nearby Systems’ ability to commercialize its own ideas and

technology. The public interest in allowing Nearby Systems to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

**COUNT II: INFRINGEMENT OF U.S. PATENT NO. 10,469,980**

36. Nearby Systems repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

37. The USPTO duly issued U.S. Patent No. 10,469,980 (the "'980 patent") on November 5, 2019 after full and fair examination of Application No. 15/346,599 which was filed November 8, 2016 and was a continuation of Application No. 13/987,520 (which ripened into the '164 patent). A true and correct copy of the '980 patent is attached as Exhibit B.

38. The claims of the '980 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon the function and operation of mapping systems by, for example, combining mappable data from disparate sources onto a digital map in a mapping application and may include a second set of mappable content, found outside the mapping application, that may be transmitted to the mapping application for mapping in conjunction with any of the existing (*i.e.*, previously-displayed) mapping content.

39. The written description of the '980 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

40. Nearby Systems owns all substantial rights, interest, and title in and to the ’980 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

41. Nearby Systems or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the ’980 patent.

42. Defendant has directly infringed and continues to directly infringe one or more claims of the ’980 patent by using, selling, offering to sell, providing, supplying, or distributing the Accused Products.

43. Defendant has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least claim 1 of the ’980 patent, as detailed Exhibit I (Exemplary Evidence of Use Regarding Infringement of U.S. Patent No. 10,469,980).

44. For example, as detailed in Exhibit I, the Accused Products (including the Morgan Stanley Wealth Mgmt App) provide Defendant’s customers a system and method for displaying map information on a mobile device (such as a smartphone or internet-enabled tablet) to obtain the data to display text and maps that present information to allow the mobile device user to identify and navigate to locations offering Defendant’s products.

45. Since at least the time of receiving the original complaint in this action, Defendant has also indirectly infringed and continues to indirectly infringe the ’980 patent by inducing others to directly infringe its claims. Defendant has induced and continues to induce customers and end-users, including, but not limited to, Defendant’s customers, employees, partners, or contractors, to directly infringe, either literally or under the doctrine of equivalents, the ’980 patent by providing or requiring use of the Accused Products. Defendant took active steps, directly or through

contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the ’980 patent, including, for example, claim 1. Such steps by Defendant included, among other things, advising or directing customers, personnel, contractors, or end-users to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; or distributing instructions that guide users to use the Accused Products in an infringing manner. Defendant is performing these steps, which constitute induced infringement with the knowledge of the ’980 patent and with the knowledge that the induced acts constitute infringement. Defendant is aware that the normal and customary use of the Accused Products by others would infringe the ’980 patent. Defendant's inducement is ongoing. *See* Exhibit E, Exhibit F, and Exhibit G.

46. Defendant has also indirectly infringed and continues to indirectly infringe by contributing to the infringement of the ’980 patent. Defendant has contributed and continues to contribute to the direct infringement of the ’980 patent by its customers, personnel, and contractors. The Accused Products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the ’980 patent, including, for example, claim 1. The special features constitute a material part of the invention of one or more of the claims of the ’980 patent and are not staple articles of commerce suitable for substantial non-infringing use. Defendant's contributory infringement is ongoing. *See* Exhibit E, Exhibit F, and Exhibit G.

47. Defendant has had knowledge of the ’980 patent at least as of the date when it was notified of the filing of this action.

48. Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others, and thus has been willfully blind of Nearby Systems' patent rights.

49. Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

50. Defendant's infringement of the '980 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of Nearby Systems' rights under the patent.

51. Nearby Systems has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to Nearby Systems in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

52. Nearby Systems has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law. Nearby Systems has and will continue to suffer this harm by virtue of Defendant's infringement of the '980 patent. Defendant's actions have interfered with and will interfere with Nearby Systems' ability to license technology. The balance of hardships favors Nearby Systems' ability to commercialize its own ideas and technology. The public interest in allowing Nearby Systems to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 11,937,145

53. Nearby Systems repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

54. The USPTO duly issued U.S. Patent No. 11,937,145 (the "'145 patent") on March 19, 2024 after full and fair examination of Application No. 16/570,298 which was filed September 13,

2019 and was a continuation of Application No. 13/987,520 (which ripened into the ’164 patent). A true and correct copy of the ’145 patent is attached as Exhibit C.

55. The claims of the ’145 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon the function and operation of mapping systems by, for example, combining mappable data from disparate sources onto a digital map in a mapping application and may include a second set of mappable content, found outside the mapping application, that may be transmitted to the mapping application for mapping in conjunction with any of the existing (*i.e.*, previously-displayed) mapping content.

56. The written description of the ’145 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

57. Nearby Systems owns all substantial rights, interest, and title in and to the ’145 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

58. Nearby Systems or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the ’145 patent.

59. Defendant has directly infringed and continues to directly infringe one or more claims of the ’145 patent by using, selling, offering to sell, providing, supplying, or distributing the Accused Products.

60. Defendant has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least claim 1 of the ’145 patent, as detailed Exhibit J (Exemplary Evidence of Use Regarding Infringement of U.S. Patent No. 11,937,145).

61. For example, as detailed in Exhibit J, the Accused Products (including the Morgan Stanley Wealth Mgmt App) provide Defendant’s customers a system and method for displaying map information on a mobile device (such as a smartphone or internet-enabled tablet) to obtain the data to display text and maps that present information to allow the mobile device user to identify and navigate to locations offering Defendant’s products.

62. Since at least the time of receiving the original complaint in this action, Defendant has also indirectly infringed and continues to indirectly infringe the ’145 patent by inducing others to directly infringe its claims. Defendant has induced and continues to induce customers and end-users, including, but not limited to, Defendant’s customers, employees, partners, or contractors, to directly infringe, either literally or under the doctrine of equivalents, the ’145 patent by providing or requiring use of the Accused Products. Defendant took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the ’145 patent, including, for example, claim 1. Such steps by Defendant included, among other things, advising or directing customers, personnel, contractors, or end-users to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; or distributing instructions that guide users to use the Accused Products in an infringing manner. Defendant is performing these steps, which constitute induced infringement with the knowledge of the ’145 patent and with the knowledge that the induced acts constitute infringement. Defendant is aware

that the normal and customary use of the Accused Products by others would infringe the ’145 patent. Defendant’s inducement is ongoing. *See* Exhibit E, Exhibit F, and Exhibit G.

63. Defendant has also indirectly infringed and continues to indirectly infringe by contributing to the infringement of the ’145 patent. Defendant has contributed and continues to contribute to the direct infringement of the ’145 patent by its customers, personnel, and contractors. The Accused Products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the ’145 patent, including, for example, claim 1. The special features constitute a material part of the invention of one or more of the claims of the ’145 patent and are not staple articles of commerce suitable for substantial non-infringing use. Defendant’s contributory infringement is ongoing. *See* Exhibit E, Exhibit F, and Exhibit G.

64. Defendant has had knowledge of the ’145 patent at least as of the date when it was notified of the filing of this action.

65. Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others, and thus has been willfully blind of Nearby Systems’ patent rights.

66. Defendant’s actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

67. Defendant’s infringement of the ’145 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of Nearby Systems’ rights under the patent.

68. Nearby Systems has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to Nearby Systems in an amount that compensates it for

such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

69. Nearby Systems has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law. Nearby Systems has and will continue to suffer this harm by virtue of Defendant's infringement of the '145 patent. Defendant's actions have interfered with and will interfere with Nearby Systems' ability to license technology. The balance of hardships favors Nearby Systems' ability to commercialize its own ideas and technology. The public interest in allowing Nearby Systems to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

**COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 12,185,177**

70. Nearby Systems repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

71. The USPTO duly issued U.S. Patent No. 12,185,177 (the "'177 patent") on December 31, 2024 after full and fair examination of Application No. 18/436,421 which was filed February 8, 2024, and was a continuation of Application No. 16/570,298 (which ripened into the '145 patent). A true and correct copy of the '177 patent is attached as Exhibit D.

72. The claims of the '177 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon the function and operation of mapping systems by, for example, combining mappable data from disparate sources onto a digital map in a mapping application and may include a second set of mappable content, found outside the mapping application, that may be transmitted to the mapping application for mapping in conjunction with any of the existing (*i.e.*, previously-displayed) mapping content.

73. The written description of the ’177 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

74. Nearby Systems owns all substantial rights, interest, and title in and to the ’177 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

75. Nearby Systems or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the ’177 patent.

76. Defendant has directly infringed and continues to directly infringe one or more claims of the ’177 patent by using, selling, offering to sell, providing, supplying, or distributing the Accused Products.

77. Defendant has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least claim 1 of the ’177 patent, as detailed in Exhibit K (Exemplary Evidence of Use Regarding Infringement of U.S. Patent No. 12,185,177).

78. For example, as detailed in Exhibit K, the Accused Products (including the Morgan Stanley Wealth Mgmt App) provide Defendant’s customers a system and method for displaying map information on a mobile device (such as a smartphone or internet-enabled tablet) to obtain the data to display text and maps that present information to allow the mobile device user to identify and navigate to locations offering Defendant’s products.

79. Since at least the time of receiving the original complaint in this action, Defendant has also indirectly infringed and continues to indirectly infringe the ’177 patent by inducing others to directly infringe its claims. Defendant has induced and continues to induce customers and end-users, including, but not limited to, Defendant’s customers, employees, partners, or contractors, to directly infringe, either literally or under the doctrine of equivalents, the ’177 patent by providing or requiring use of the Accused Products. Defendant took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the ’177 patent, including, for example, claim 1. Such steps by Defendant included, among other things, advising or directing customers, personnel, contractors, or end-users to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; or distributing instructions that guide users to use the Accused Products in an infringing manner. Defendant is performing these steps, which constitute induced infringement with the knowledge of the ’177 patent and with the knowledge that the induced acts constitute infringement. Defendant is aware that the normal and customary use of the Accused Products by others would infringe the ’177 patent. Defendant’s inducement is ongoing. *See* Exhibit E, Exhibit F, and Exhibit G.

80. Defendant has also indirectly infringed and continues to indirectly infringe by contributing to the infringement of the ’177 patent. Defendant has contributed and continues to contribute to the direct infringement of the ’177 patent by its customers, personnel, and contractors. The Accused Products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the ’177 patent, including, for example, claim 1. The special features constitute a material part of the invention of one or more of the claims of the ’177 patent and are not staple articles of commerce

suitable for substantial non-infringing use. Defendant's contributory infringement is ongoing. *See* Exhibit E, Exhibit F, and Exhibit G.

81. Defendant has had knowledge of the '177 patent at least as of the date when it was notified of the filing of this action.

82. Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others, and thus has been willfully blind of Nearby Systems' patent rights.

83. Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

84. Defendant's infringement of the '177 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of Nearby Systems' rights under the patent.

85. Nearby Systems has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to Nearby Systems in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

86. Nearby Systems has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law. Nearby Systems has and will continue to suffer this harm by virtue of Defendant's infringement of the '177 patent. Defendant's actions have interfered with and will interfere with Nearby Systems' ability to license technology. The balance of hardships favors Nearby Systems' ability to commercialize its own ideas and technology. The public interest in allowing Nearby Systems to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

## JURY DEMAND

Nearby Systems hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

Nearby Systems requests that the Court find in its favor and against Defendant, and that the Court grant Nearby Systems the following relief:

a. Judgment that one or more claims of each of the Asserted Patents has been infringed, either literally or under the doctrine of equivalents, by Defendant or others acting in concert therewith;

b. A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the ’164 patent, the ’980 patent, the ’145 patent, and the ’177 patent; or, in the alternative, an award of a reasonable ongoing royalty for future infringement of the ’164 patent, the ’980 patent, the ’145 patent, and the ’177 patent by such entities;

c. Judgment that Defendant accounts for and pays to Nearby Systems all damages to and costs incurred by it because of Defendant’s infringing activities and other conduct complained of herein;

d. Judgment that Defendant’s infringements be found willful as to the ’164 patent, the ’980 patent, the ’145 patent, and the ’177 patent, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

e. Pre-judgment and post-judgment interest on the damages caused by Defendant’s infringing activities and other conduct complained of herein;

f. That this Court declare this an exceptional case and award Nearby Systems its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285;

g. That this Court enjoin Defendant's further infringement of the '164 patent, the '980 patent, the '145 patent, and the '177 patent; and

h. All other and further relief as the Court may deem just and proper under the circumstances.

Dated: November 16, 2026

Respectfully submitted,

By: */s/ Jonathan L. Hardt*

Jonathan L. Hardt (TX 24039906)*
**ROZIER HARDT MCDONOUGH PLLC**
712 W. 14th Street, Suite A
Austin, Texas 78701
Telephone: (210) 289-7541
Email: hardt@rhmtrial.com

C. Matthew Rozier (CO 46854)*
**ROZIER HARDT MCDONOUGH PLLC**
1500 K Street, 2nd Floor
Washington, District of Columbia 20005
Telephone: (404) 779-5305; (202) 316-1591
Email: matt@rhmtrial.com

James F. McDonough, III (GA 117088) *
**ROZIER HARDT MCDONOUGH PLLC**
659 Auburn Ave., Unit 254
Atlanta, Georgia 30312
Telephone: (404) 564-1866
Email: jim@rhmtrial.com

***Attorneys for Plaintiff NEARBY SYSTEMS LLC***

*Admitted to the Eastern District of Texas

**List Of Exhibits**

A. U.S. Patent No. 9,532,164
B. U.S. Patent No. 10,469,980
C. U.S. Patent No. 11,937,145
D. U.S. Patent No. 12,185,177
E. Webpage: Morgan Stanley Wealth Mgmt App Available at the App Store
F. Webpage: Morgan Stanley Wealth Mgmt App Available at Google Play
G. Webpage: Morgan Stanley Mobile App
H. Exemplary Evidence of Use Regarding Infringement of U.S. Patent No. 9,532,164
I. Exemplary Evidence of Use Regarding Infringement of U.S. Patent No. 10,469,980
J. Exemplary Evidence of Use Regarding Infringement of U.S. Patent No. 11,937,145
K. Exemplary Evidence of Use Regarding Infringement of U.S. Patent No. 12,185,177